Case No. 241389, Rubinowitz v. Kelman Good morning, your honors. My name is Dominic Apel and I represent the appellant respondent, Lavey Kelman, in this matter. The award that is at issue is in the appendix at A-104. I think that I'd like to devote my initial argument to whether or not the initial award was a final award, because that determination impacts whether the respondent's motion to vacate was timely and whether or not, under either law. Can I ask, even if we were looking at the date of the supplemental arbitration award, tell me if this is right, April 27, 2023, there was no motion to vacate brought within three months of that, is that right? The motion to vacate preceded that award that finally became final at that point, and we argued before the district court that because we had already moved to vacate in response to what we thought was an untimely petition to confirm, that that preserved the respondent's rights, because the initial award referred to attorney's fees, it just didn't determine the amount. So, from our perspective, and I don't know of any case law that provides otherwise. Do you have any case law that provides so? So if your contention is it wasn't a final award, we brought a motion to vacate in response to the petition to confirm. When the final award came, we didn't need to then timely move to vacate because we'd already brought a premature argument of vacater in response. I hear you that there's no. I don't know that there is any, yeah, I don't know that there is any law that addresses the unique circumstance that occurred in this case. But because the arguments didn't change as a result of the second award, other than that, from our perspective, it made the award final, finally. It did not start the clock over again. It did not need to start the clock over again, for our motion at least. In a way, that's the other side's argument, part of the argument as to why it was a final award originally. They argue that it was a final award based upon other parameters, not whether or not the second award was or was not a final award. So from our perspective, the award was not final until the second award, and I'm not aware of anything that would go against our position that having already filed a motion to vacate, which I'll get to momentarily. This court in, and I'm hoping pronouncing this correctly, Metal Gessel Shaft at 790 F2nd 280 at 283. That's a case where this court determined that if there is an independent and separate claim, then an award, whether it's deemed initial or otherwise, can be the subject of a vacation motion or a motion to confirm without all issues being decided. The decision in that case was in order to overcome Section 10D and Section 9 of the Federal Arbitration Act, which applied in that case, which the court applied in that case, where the provision 10D provides that vacation of an award, an award should be vacated if it's not mutual, final, and definite. Then Chief Judge Feinberg, in his dissenting opinion, pointed out the obvious that it's axiomatic that ordinarily parties must wait until there is a final decision before moving for judicial review. And this court only went beyond that at that time by determining that the award there was independent and separate. Now, the cases that are relied upon, cited by the court below and relied upon by petitioner, don't really stand for that proposition as it relates to this case. In the matter of arbitration between ADVEST and ASOF, which is cited by the petitioner, there the arbitrator himself stated that the parties were free to submit the issue of fees or to compromise that issue on their own as part of his determination. In the instant case, looking at the arbitration award at A104, and I want to point, look directly at that language because I think it's important. Here, the arbitration award in section A says the agreement between the parties is still in full force in effect, and it goes on to award an amount of $4 million. Section B says, as per the agreement, defendant must pay plaintiff reasonable attorney's fees, plaintiff must submit a record that delineates his hours, and then the rabbinical court will decide that. And then section C says the rabbinical court retains the right to adjudicate regarding any matter that arises related to this litigation. Here, unlike cases that are cited and relied upon by petitioner, the fee issue arises right out of the same provision as the arbitration, right out of the same settlement agreement that was submitted to the arbitration panel for decision. In the cases relied upon by the petitioner, for example. Let me ask you something about your second point. You said that it was improper for the arbitrators to have solicited assistance or guidance from third parties. The real heart of that issue is not so much that it was improper for them to solicit. You agreed to that. That's why that's not the heart of the issue. The heart of the issue is they retained and referred to experts that they retained and relied upon their words. You knew that was going on and you paid for it. You split the cost. How can you say you were blindsided by that? Because they never reported what then occurred. Instead, they moved directly to enter an arbitration decision without ever identifying these experts, without ever disclosing what the experts opined or provided to the panel. In the ordinary course of events, I don't think a party should have to ask for an opportunity to cross-examine a witness or to know what an expert says. The ordinary course of procedure in our jurisprudence here in America is that if there's an expert, you receive his report. If there's some opinion that's rendered by an expert, whether it's to a party or to a court, you get an opportunity to see it. And then you get an opportunity, if there's a proceeding, to cross-examine the expert. Those are certainly the discovery rules required in federal court. But what entitlement in arbitration, in this arbitration, did you have to that? Where does that come from? There was nothing that excluded proceeding in the ordinary course of jurisprudence. And in the arbitration agreement, it said that, if I may. It said, I'm looking for the language. Let me paraphrase without taking time to look for it. The agreement said that the panel could take testimony without a party being present if the party did not appear. That was the gist of it. Here, we attended the proceedings. There was no hearing scheduled where the experts' opinions were provided. We had no notice that there were opinions even being provided, other than that they wanted to consult with an expert. So we weren't given an opportunity in the ordinary course of how things of this nature occur to say, well, wait a minute, if you've got an opinion, we'd like to see it. We didn't know that it had been issued. We don't know what was issued. We still don't know today what the panel received from the experts that they consulted. We only know from their decision, their arbitration award, that they did consult experts and relied upon their words. It's just contrary to fundamental fairness that a party would not have an opportunity to know what those words are, to know who those experts are, and to have been afforded an opportunity before an award was rendered to be able to challenge those words and cross-examine the witness and at least submit something to the arbitration panel to rebut or reply to those words. Here, that didn't occur. So from our perspective... The argument in your brief was that the arbitrators exceeded their authority in doing that. By not... and that argument is based upon the fact that they went ahead and rendered a decision without providing any opportunity to know who these experts are and to be able to cross-examine them. Yes, you're right. My client paid, I think, half of the fee. But then there was silence, and we assumed, wrongly in this case, that we were going to be advised of what the experts were providing to the panel, not that they would receive information from an unknown expert or experts, rely upon those words, but never disclose them. So we believe that as a matter of fundamental fairness, that is something that should not occur in this day and age in an arbitration proceeding, whether before a commercial AAA panel or a rabbinical panel of this nature. Thank you, counsel. You have reserved 10 minutes for rebuttal. Thank you, may it please the Court. My name is Ephraim Schwab on behalf of the petitioner, Apelli. The District Court's confirmation of the two arbitration awards issued by the Meysharim Betin should be confirmed. First, Appellant did not move to vacate the first award within the three months that the Federal Arbitration Act requires in order to move to vacate award. Consequently, he waived his right to vacate the award. Appellant argues, spent a lot of time arguing, that the first award was not final because the Betin had not ruled upon the amount of attorney's fees that were owed by Mr. Kelman, but that argument should be rejected under the Mitalbesheft case. The Court confirmed a partial, under this circuit's law, the Court confirmed a partial final award, even though the arbitrators had not decided the petitioner's claim. There was one claim that had been decided, and the petitioner's claim had not been decided. They were suing for short delivery and fuel contamination. And the Court held that an award which finally and definitively disposes of a separate, independent claim may be confirmed, although it does not dispose of all the claims that were submitted to arbitration. And the Court also said that an independent and separate, that an award that is independent and separate from the remaining issues before the arbitrators and can finally be determined without reference to those legally irrelevant issues may be confirmed. And the cases in this circuit have repeatedly ruled that attorney's fees are separate and independent from the underlying claim that's being adjudicated. That's exactly what happened here. The bet then ruled in favor of my client. And then they said, you're also liable, Mr. Kelman, for attorney's fees. The amount of attorney's fees, you'll submit on that, and then we'll rule on that as well. But the courts have said that that's when your award is final. The district courts have said that's when your award is final. And I think there's a very analogous circumstance where this Court has ruled. It hasn't ruled on the arbitration. It's actually the Supreme Court of the United States has ruled in the context of final decisions, Title 18 U.S.C. 1291. The statute says the Court of Appeals shall have jurisdiction of appeals from all final decisions in the district courts. And the Supreme Court in the Budenich decision held that attorney's fees do not make the decision. The fact that attorney's fees is remaining do not make the decision non-final. These statutes are very much related. The finality of an arbitration award, there are law review articles that say it's patterned after the Judiciary Act, which says that in order for a party to appeal a district court decision to the Court of Appeals, it has to be final. The Supreme Court ruled in that case in all circumstances. That's what the Supreme Court decision says. In all circumstances, if the decision is on the substantive issue is complete, the fact that attorney's fees remain does not mean the decision is not final. And in fact, what ends up happening is if you don't appeal, if you don't file your notice of appeal within 30 days, you lose your opportunity to appeal the substantive decision. And that's precisely what happened here in arbitration. The attorney's fees decision was reserved, took time for that to be decided, but the substantive case was decided, and you have three months to move to vacate. The appellant did not move to vacate within the three months, and therefore under the law in this circuit, the Supreme Court law, which I think is highly analogous, they were not allowed to move to vacate anymore. They had waived their arguments. That's the first. As you say, we don't have a circuit opinion directly on the question. How about in other circuits? Actually, there is a 2020, I looked at all circuits. There is a 2024, I'm not, you know, possibly there are more. There's a recent decision after the briefing where the court in a footnote said that in passing, that attorney's fees, in other words, a motion to vacate was made. The court said too late. Which court? I think it was the Fifth Circuit, and we could submit, you know, to, but it's in passing where the court says attorney's fees was still outstanding. So it's more, the court wasn't really deciding the issue, but the court was recognizing that it was going forward with a final decision, even though attorney's fees had not been decided. But we do have the district court cases saying repeatedly that attorney's fees does not make the decision non-final. And again, we have the Supreme Court decision on the regular notice of appeal from a district court decision. The second point why the decision should be affirmed, Judge Nathan, you also mentioned that there was no motion to vacate from the second award, which I didn't brief, but I think it's correct. I think the fact that if you're arguing that it's premature to make the motion, so then everything is non-existent, and you better preserve your rights by making a motion to vacate on the final award. So I think that is correct as well. But on the substantive point, the fact that the argument that substantively the judge, the rabbis made a mistake by consulting with an expert. When the arbitration agreement says you can consult with an expert, and secondly, they sent an email out saying we're going to be consulting with an expert, and please pay your 50% for that, and then Mr. Kelman pays for it. And then months later, there's a decision. A few months later, there's a decision saying we spoke to the expert, and here's our decision, you owe $4 million from the $5.2 million settlement to say that you can now argue after the fact, based on this record, that the decision should be overturned, I think is, I find hard to believe that the court could accept that argument. The only- Did he request access to any of the information that the arbitrator provided to the panel? That the expert provided? Right. The only thing in the record is on page A87 about this expert, this complaint about speaking to an expert. And it was submitted to the district court. There's nothing from below to the arbitrators themselves saying, hey, you spoke to an expert, and I didn't hear from you about that, and you made this decision. There's absolutely nothing in the record about that. Paragraph 7, what was submitted on the belated motion to vacate, what Mr. Kelman wrote is, after the hearing and briefing of the issues had been completed, the Besden unilaterally retained an attorney to review the legal arguments presented by the parties. I did not agree to the retention of an attorney. That was his argument that he made to the district court, and that's false. Of course he agreed to retain the attorney. He paid for it. The Besden reached out to him and said, we're hiring an attorney because parties made legal arguments, and then he paid for it. To say that the argument that the Besden unilaterally retained, they did not unilaterally retain. The parties paid for it, and they gave notice in advance. So what do you say to the contention that, you know, sort of fundamental process would require disclosure and an opportunity to question, examine the expert? Well, I think that in the arbitration agreement, this is a Betton, and in an arbitration agreement they agreed to whatever procedures the arbitrators come up with. The problem with the argument, the first problem with the argument is, I think there's an obligation on the appellant to at least argue to the arbitrators, hey, we want to see it, we want it. Nothing is in the record about that. I don't know if the argument, I think that in front of a Betton, given this arbitration clause, given the notice that the arbitrators gave, certainly in our case, I think the argument should be rejected. It doesn't, there's a very, very difficult standard to reach in order to overturn an arbitration award. I don't think that this is the record to rule in that way in this case. If there had been, if a request had been made and the arbitrator said, no, we're not going to let you hear what the lawyer told us about the arguments being made, that would be a different record. But in this case, I think the answer is that the appellant has not satisfied the obligation. And again, the decision was final. It was fees that were left over, and the Supreme Court has said that fees does not make a non-final decision, it's final. That's our position, and for those reasons, we believe the two awards should be, the decision of the district court to confirm the arbitration award should be affirmed. Thank you. Remind me, it's in my notes, but I couldn't find it. The $4 million award was rendered when? It was rendered in January of 21. The first award was January of 2021. Four years ago. Yeah, yeah, a long time ago. We've been waiting. We were here once before. Thank you. Thank you, counsel. Mr. April, you're reserved two minutes.  With regard to when the initial award was rendered, relying upon the agreement, the arbitration agreement and the settlement agreement, I'd just like to point out that within the time that's provided for under New Jersey rules, a case was filed in the Superior Court of New Jersey, Ocean County, timely, was removed by petitioner to the Federal District Court in New Jersey, and then that court ultimately held things in abeyance. It's in the procedural history here because there was a case pending here. Just want to address two things. The language that I wanted to, that I paraphrased earlier in the arbitration agreement is that, quote, parties agree that the arbitrator shall have the right to hear testimony and evidence without the presence of a party if the party does not attend a scheduled hearing. The only way to interpret that is that the evidence is going to come in through a scheduled hearing, and the arbitrators can do it without a party if the party doesn't attend. There was no scheduled hearing that should have occurred after the words of the experts were obtained and considered. So when the arbitrator said, I'm going to retain an expert, was there a request to any kind of disclosure or for a hearing? There wasn't a request by either party, and I think from my perspective, just as a matter of common expectation under the way we do things here in America. Well, one of the ways we do things is that you can waive a process that you might otherwise be entitled to, or abandon arguments and the like. I think that, I do not see that you can overcome notions of fundamental fairness by saying that the respondent didn't ask for a hearing. It was expected because it was not expected that an award would issue once that expert was retained without further interaction and either a hearing, a receipt of the opinion, a receipt of the words by these experts that we still don't know who they are. It's like a star proceeding. Weren't you curious about how your money was spent? Well, we were, but we were assuming we were going to find out. And instead, out of the blue, we received the award instead of notice of what any expert or experts had said. With regard to the cases relied upon, and your Honor's point is a good one, there's no law here in this jurisdiction that's really on point. The case of Metal Geschultz really turns on whether or not there's a fee application under a statute. In that case, there was a Colorado statute that regarded the fees in an employment case but here, the fee issue is part and parcel of the settlement agreement that was submitted. This wasn't a motion under some separate statute or rule or provision. The agreement was submitted and the issues were, was there a breach? If so, by whom? And what are the attorney's fees? And it's right in the arbitration provision of the settlement agreement. With regard to, I mentioned earlier, the case of matter of arbitration between AdBest and Assoff, the chairman there reserved the issue and therefore, the award was determined to be final. In the Goldman case, which is also relied upon, the parties agreed to bifurcate the determination and therefore, the court considered the determination on a merits issue separate and apart from the fee issue. And in the Budenich case... Counsel, you're running over time. Why don't you wrap it up? I'm sorry, Your Honor. Thank you, Counsel. We'll take the case under advisement. Thank you very much.